IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CRIMINAL NO. 06-114 (DRD) |
| v. | |
| JOAN A. COLON-RAMOS, | |
| Defendant. | |

**ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending before the Court is defendant Joan Colón-Ramos' ("Defendant") *Motion To Suppress Evidence (Controlled Substance); Motion Requesting Government To Produce And Compell* [sic] *With Goverment* [sic] *Informant ("Motion")* (Docket No. 24). This matter was referred to the Magistrate Judge Vélez-Rive and a Report and Recommendation was issued on August 25, 2006 (Docket No. 38). The Magistrate Judge recommended a denial of the Defendant's *Motion*. The Magistrate Judge appropriately forewarned the Defendant, under Rule 72(d) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), that any written objections to the Report and Recommendation must be filed with the Clerk of Court within the next ten (10) days upon receipt of the Report and Recommendation. Furthermore, the Defendant was advised that failure to comply with Fed.R.Civ.P. 72(d) precluded any further appellate review. *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The record shows that the Report and Recommendation stands unopposed. Hence, the Court needs only satisfy itself that there is no plain error on the face of the record in order to accept an unopposed Report and Recommendation. *See Douglass v United Servs. Auto, Ass'n*, 79 F.3d 1415 (5th Cir. 1996); *Nogueras-Cartagena v. United States*, 172 F. Supp. 2d 296, 305 (D.P.R. 2001); *Garcia v. I.N.S.*, 733 F. Supp. 1554 (M.D.Pa. 1990).

After a careful review of the Magistrate Judge's Report and Recommendation, the Court finds no

plain error, as Defendant's challenge of probable cause is unsound and unsupported by law.  The Defendant

also requested an order to interview the confidential informant, as this information is necessary for her

defense.  The Magistrate Judge found that the disclosure of the informant's identity is unwarranted, as the

factors for such disclosure were not met by the Defendant.  The Court agrees with the Magistrate Judge's

findings.

*The Search Warrant*

The Defendant alleges that the search warrant issued by the state court was based solely on the

investigating agent's unreliable sworn statement.  The Defendant also alleges that the search warrant is vague

and imprecise, at least as to the controlled substances allegation.  Hence, the evidence seized should be

suppressed.  The Court notes that Defendant's motion to suppress evidence (Docket No. 24) is silent as to

the firearms seized as a result of the search triggered by the search warrant.  The matter is, therefore, deemed

abandoned.

Circuit Courts have continuously reiterated that if throughout the text of a motion, a  moving party

fails to submit a developed argument to support its petition, the Court shall deem said argument waived.

"[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation,

are deemed waived." See *U.S. v. Zannino*, 895 F. 2d 1, 17 (1st Cir. 1990); *see also Brown v. Trustees of*

*Boston Univ.*, 891 F.2d 337, 353 (1st Cir.1989); *U.S. v. Casas*, 425 F. 3d 23, 30 (1st Cir. 2005); *U.S. v.*

*Ramirez-Ferrer*, 1995 WL 237041 (1st Cir. 1995).  Since "Judges are not expected to be mindreaders,"

"litigants are obligated 'to spell out [their] arguments squarely and distinctly,' or else forever hold [their]

peace." *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir.1988) (*quoting Paterson-Leitch Co. v.*

*Massachusetts Municipal Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir.1988)) (*emphasis ours*); *see also*

*Zannino*, 895 F. 2d at 17 (1st Cir. 1990); *U.S. v. Candelaria-Silva*, 162 F. 3d 698, 708 (1st Cir. 1998);

*Gonzalez-Lasalle v. U.S.*, 2006 WL 1897031 (D. Puerto Rico, 2006).  "It is not enough merely to mention

a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for

the argument, and put flesh on its bones." *See Rivera-Gomez*, 843 F.2d at 635.  The jurisprudence requiring

that litigants must spell out their arguments squarely and distinctly, *Rivera-Gomez v. de Castro*, 843 F.2d

635, has been codified in the Local Court's Rule 7.1(a).  Said Rule specifically applies to Criminal Cases.

*See* Local Criminal Rule 112.  Local Civil Rule 7.1(a) states that "[a]ll matters submitted to the Court for

considerations shall be presented by written motion filed with the Clerk of the Court **incorporating a**

**memorandum of law, including citations and supporting authorities**." (*Emphasis ours*).

*Probable Cause*

The Magistrate Judge found that "probable cause to search a home exists so long as the

underlying affidavit contains information showing a fair probability that evidence of a crime would be

found there."  U.S.C.A. Const. Amend. 4.  "Probable cause need not be tantamount to proof beyond a

reasonable doubt ... Probability is the touchstone." *United States v. Khounsavanh*, 113 F.3d 279, 283

(1st Cir. 1997) (quoting *United States v. Aguirre*, 839 F.2d 854, 857 (1st Cir. 1988).  The Magistrate

Judge also found that "the probable cause standard does not require any showing that an officer's belief

that evidence will be found in the searched premises 'be correct or more likely true than false.'" *Texas v.*

*Brown*, 460 U.S. 730, 742 (1983).  Lastly, "an affidavit submitted in support of a search warrant

application is presumed valid." *Franks v. Delaware*, 438 U.S. 154, 171 (1978).  *See* Docket No. 38 at

page 5.

Hence, the affidavit submitted by the investigating agent, which is presumed to be valid, need not

be bullet proof, as probable cause will suffice to issue a search warrant.  Consequently, any evidence

seized as a result of a search warrant properly issued by the state court need not be suppressed.  *See also*

*Horton v. California*, 496 U.S. 128 (1998); *United States v. Beckett*, 321 F.3d 26, 31 (1st Cir. 2003).

*Disclosure of the Informant's Identity*

The Defendant also moves the Court for an order to disclose the confidential informant's

identity, as she has a right to know the names of the Government's witnesses, in order to properly prepare

3

her defense.  The Magistrate Judge found that the Defendant's privilege to obtain the name of the

informant is not absolute, as certain factors must be taken into consideration before making such

disclosure.[1]  *See* Docket No. 38 at pages 14-15.  The Magistrate Judge concluded that the factors to

warrant a disclosure of the informant's identity were not met, as the informant was only a tipster and did

not participate nor witnessed the events that led to the issuance and the execution of the search warrant.

 For the reasons set forth above, the Court finds no plain error.  Hence, the Court hereby

**ADOPTS** the Report and Recommendation of the Magistrate Judge dated August 25, 2006 (Docket

No. 38).

 **IT IS SO ORDERED.**

 In San Juan, Puerto Rico, this 11th day of January, 2007.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

---

[1]  The Government's privilege to withhold the identity of an informant, also known as the tatter's privilege, was recognized by the Supreme Court in *Roviaro v. United States*, 353 U.S. 53 (1957).  The burden of proof lies on the defendant to show that the disclosure of the informant's identity is warranted for an adequate defense.  The defense must show that, aside from the accused, the informant was the sole participant in the events that led to the charges of the indictment and/or whether the informant is the only person that may amplify or impeach crucial testimony of the Government's witnesses.